IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARVIN L. THOMAS,

      Petitioner,

vs.                                    Case No. 4:12cv84-LC/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,[1]

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On February 13, 2012, Petitioner Marvin L. Thomas, proceeding pro se, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On November

15, 2012, Respondent filed an answer, with exhibits.  Doc. 18.  Petitioner filed a reply on

December 18, 2012.  Doc. 19.

The matter was referred to the undersigned United States Magistrate Judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has

_____

      [1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida
Department of Corrections in place of Kenneth S. Tucker.  Michael D. Crews became
Secretary on December 17, 2012, and shall be automatically substituted pursuant to
Federal Rule of Civil Procedure 25(d).

determined that no evidentiary hearing is required for disposition of this matter.  *See*
Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the
pleadings and attachments before the Court show that Petitioner is not entitled to
federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By information filed on September 23, 2009, in the Second Judicial Circuit, Leon
County, in case number 09-CF-3026, the State of Florida charged Petitioner Marvin L.
Thomas with two counts, in connection with events that took place on September 9,
2009: (1) sale of a controlled substance (cocaine), a second degree felony, in violation
of section 893.13(1)(a)1., Florida Statutes; and (2) possession of a controlled substance
(methocarbonal, tranadol, and lisinopril), a third degree felony, in violation of section
893.13(6)(a), Florida Statutes.  Doc. 18 Ex. E.  On February 8, 2010, Thomas entered a
nolo contendere plea, but at proceedings on February 15, 2010, the court permitted
Thomas to withdraw his plea.  *Id.* Exs. A, J.  Subsequently, Thomas executed a "Plea
and Acknowledgment of Rights" form on April 9, 2010, filed it in open court that same
day, and entered a "straight up" open nolo contendere plea to each count as charged in
the information.  *Id.* Ex. K.  That same day, the state trial court accepted the plea,
adjudicated Thomas guilty, and sentenced him to five (5) years in prison, followed by
two (2) years of probation, on the first count, and five (5) years in prison on the second
count, to run concurrent to the sentence on Count 1, with credit for 213 days time
served.  *Id.* Ex. L.  Thomas did not appeal his conviction and sentence.  *See id.* Ex. N
(order denying, as untimely, motion to withdraw plea).

On November 3, 2010, Thomas filed a pro se motion for post-conviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850.  Doc. 18 Ex. Q.  On December 21, 2010, the State filed a response to the motion.  *Id.* Ex. R.  Thomas filed a reply on January 7, 2011.  *Id.* Ex. S.  On January 25, 2011, Thomas filed a motion for appointment of post-conviction counsel for purposes of an evidentiary hearing on his Rule 3.850 motion.  *Id.* Ex. T.  The state post-conviction trial court denied Thomas's motion for appointment of counsel.  *Id.* Ex. U.  An evidentiary hearing took place on March 7, 2011, on Thomas's Rule 3.850 motion; Thomas and his former trial counsel, Robert Morris, testified.  *Id.* Ex. V.  Thomas also introduced as exhibits, copies of a plea offer from the State dated October 6, 2009, and a letter to him from his attorney dated November 4, 2009.  *Id.* Ex. W.  At the conclusion of the hearing, the court denied relief and stated reasons on the record.  *Id.* Ex. V at 37-38.  The court rendered a final order denying the Rule 3.850 motion on March 8, 2011.  *Id.* Ex. X.  Thomas filed a pro se motion for rehearing, which the trial court denied.  *Id.* Exs. Y, Z.

Thereafter, Thomas filed a notice of appeal in the First District Court of Appeal (DCA), assigned case number 1D11-1688.  *Id.* Ex. AA.  Thomas filed a pro se initial brief.  *Id.* Ex. GG.  The State filed a notice that it would not file an answer brief.  *Id.* Ex. HH.  The First DCA per curiam affirmed the case without an opinion on January 11, 2012, and the mandate issued February 7, 2012.  *Id.* Ex. II; Thomas v. State, 77 So. 3d 1262 (Fla. 1st DCA 2012) (table).

As indicated above, on February 13, 2012, Thomas timely filed a § 2254 petition in this Court.  Doc. 1.  Petitioner Thomas raises four grounds:

(1) Violation of his Sixth and Fourteenth Amendment rights under the U.S. Constitution when he was denied effective assistance of counsel for failing to convey a plea offer from the State contained in a memo to defense counsel dated October 6, 2009.  Doc. 1 at 3.

(2) Violation of his Fifth, Sixth, and Fourteenth Amendment rights to effective assistance of counsel for failing to have him present at a scheduled plea hearing on October 21, 2009, where counsel unilaterally rejected the State's plea offer of 32 months in prison followed by 24 months' probation.  *Id.*

(3) Denial of appointment of counsel for post-conviction evidentiary hearing.  *Id.* at 4.

(4) "Petitioner learned at the March 7, 2011 evidentiary hearing that the State had offer[ed] two plea offer[s], one prior to the October 6, 2009 plea offer, that counsel Morris was also ineffective for failing to convey this prior plea offer."  *Id.*

Respondent has filed an answer with exhibits.  Doc. 18.  Petitioner has filed a reply.

Doc. 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct. at 1388.

For claims of ineffective assistance of counsel (IAC), the U.S. Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."  *Id.*

## Ground 1: IAC - Failure to Convey Plea Offer

In his first ground, Petitioner Thomas asserts his trial counsel rendered ineffective assistance, thereby violating his Sixth and Fourteenth Amendment rights under the U.S. Constitution, by failing to convey a plea offer from the State for 32 months in prison, followed by 24 month's probation, as contained in a memo to defense counsel dated October 6, 2009.  Doc. 1 at 3.  Thomas asserts that because counsel failed to convey this plea offer, his subsequent no contest plea was involuntary.  *Id.*

As both Thomas and Respondent indicate, Thomas raised this ground as the first claim in his Rule 3.850 motion and it was considered at the post-conviction evidentiary hearing, during which both Thomas and his trial counsel, Robert Morris, testified.  Doc. 18 Ex. Q at 6-8, Ex. S at 1-3, Ex. V.  At the conclusion of the hearing, the state post-conviction trial court denied the claim, making findings on the record:

> THE COURT: All right.  I'm going to deny the motion for post-conviction relief.  I accept Mr. Morris' testimony.  I reject the defendant's testimony.  It has not been established that there was a plea offer that was not conveyed.  My finding is the plea offer was conveyed and Mr. Thomas rejected the plea offer.  Now things haven't turned out right so he is unhappy, which he's been unhappy through most of this proceeding, so motion will be denied.  I will enter a simple written order to that effect.

Doc. 18 Ex. V at 37-38.  The court subsequently entered a written order denying the Rule 3.850 motion, including the following findings:

> Based on the reasons as announced on the record, the Court finds that defendant has failed to show that he received ineffective assistance of counsel or that he was prejudiced by any alleged deficiency.  Specifically, the Court finds that defendant has failed to establish that he was not told about the plea agreement and that he was not present for a critical stage in the proceedings.

*Id*. Ex. X.  On appeal, the First DCA per curiam affirmed the case without an opinion. These rulings are entitled to AEDPA deference and review is limited to the record before the state court.  *See* 28 U.S.C. § 2254(d); <u>Cullen</u>, 131 S. Ct. at 1402; <u>Richter</u>, 131 S. Ct. at 784-85; <u>Wright v. Sec'y of Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002).

The testimony of Thomas's trial counsel at the evidentiary hearing supports the findings and conclusion of the state post-conviction trial court. In particular, defense

counsel, Robert Morris, testified that he was appointed to handle Thomas's case on

September 30, 2009.  Doc. 18 Ex. V at 28-29.  He testified that, originally, a plea

hearing was set for October 16, 2009, but the court rescheduled it to October 21, 2009,

because he did not get proper notice.  *Id.* at 28-29.  Morris testified that he was present

for the hearing and so was Thomas; the hearing was in Courtroom 3C.  *Id.* at 30.  Morris

further testified:

> Q Now regarding your personal notes, you memorialized something.
> What did you memorialize?
>
> A I memorialized the fact that – and I remember – and Mr. Thomas'
> recollection of me being late to court or running behind was, in fact,
> running behind on that particular day.  He is mistaken with respect to the
> date that that occurred.  It was on October the 21st.  But because of Mr.
> Thomas' score sheet and because of the offer that was conferred I spent
> probably about 15 minutes to 20 minutes speaking with Mr. Thomas
> before court was concluded to make certain that he understood the
> danger and the significance of transferring his case from the Intake
> Division into the trial division.
>
>     My notes specifically reference on October the 21st advised D, my
> symbol for defendant, of plea offer and guidelines.  Told him his
> entrapment defense stinks, advised transferring to trial division could
> result in greater sentence, offer 32 months two years FDOP and bad
> record.

*Id.* at 30-31.  Morris testified "he told me I'm not taking the offer," so the court moved the

case to the trial division.  *Id.* at 32.

Although Thomas testified to the contrary (that he did not know about this plea

offer and he was not in court on October 21, 2009), the post-conviction trial court

specifically accepted the testimony of defense counsel over that of Thomas.  That court

sits as the fact-finder and determines witness credibility in Rule 3.850 proceedings.

*See, e.g.*, <u>Smith v. State</u>, 697 So. 2d 991, 992 (Fla. 4th DCA 1997); Fla. R. Crim. P.

3.850(d).  "Federal habeas courts have 'no license to redetermine credibility of

witnesses whose demeanor was observed by the state court, but not by them.'"

<u>Consalvo v. Sec'y for Dep't of Corr.</u>, 664 F.3d 842, 845 (11th Cir. 2011) (quoting

<u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)).

Based on the foregoing, Thomas has not shown the state courts' rulings rejecting

this claim resulted in a decision that was either (1) contrary to, or involved an

unreasonable application of, clearly established U.S. Supreme Court precedent, or (2)

based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be

denied.

### <u>Ground 2</u>: IAC - Failure to Secure Thomas's Presence at Hearing

In his second ground, Petitioner Thomas asserts his attorney rendered ineffective

assistance by failing to secure his presence at a hearing on October 21, 2009,

concerning the October 6, 2009, plea offer.  Doc. 1 at 3.  Thomas asserts that his

attorney, during this hearing, unilaterally rejected the State's plea offer.  *Id.*

As both Thomas and Respondent indicate, Thomas presented this ground to the

state court as the second claim in his Rule 3.850 motion, and it was considered at the

post-conviction evidentiary hearing.  Doc. 18 Ex. Q at 9-14, Ex. S at 3-5, Ex. V.  As

indicated in the analysis of Ground 1, *supra*, the state post-conviction trial court denied

the claim, making credibility findings on the record at the conclusion of the evidentiary

hearing.  These rulings, affirmed on appeal without opinion, are entitled to AEDPA

deference and review is limited to the record before the state court.  *See* 28 U.S.C.

§ 2254(d); Cullen, 131 S. Ct. at 1402; Richter, 131 S. Ct. at 784-85; Wright, 278 F.3d at

1255.  The record supports the state court's findings.

In particular, as indicated in the analysis of Ground 1, *supra*, defense counsel

testified at the evidentiary hearing that he and Thomas were present in court on October

21, 2009, for the hearing.  Doc. 18 Ex. V at 30.  In particular, he testified:

> Q How do we know that he was there?
>
> A Well, one, I have personal notes in my file with respect to my discussions with Mr. Thomas on that date.  I had spoken with Deputy Bell just a few moments ago inquiring on whether or not there's an ability to determine or discern through CJIS whether or not an individual was transported.  And I managed to locate the screen in that – in the Criminal Justice information System, and Mr. Thomas was, in fact, transported on October the 21st, 2009.
>
> Q And so you would have been with Mr. Thomas in Courtroom 3C?
>
> A That's correct.

*Id.*

Based on the foregoing, Thomas has not shown the state courts' rulings rejecting

this claim resulted in a decision that was either (1) contrary to, or involved an

unreasonable application of, clearly established U.S. Supreme Court precedent, or (2)

based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be

denied.

**Ground 3**: **Denial of Counsel for Rule 3.850 Evidentiary Hearing**

In his third ground, Petitioner Thomas asserts the state post-conviction trial court

erred in denying his motion for appointment of counsel for the evidentiary hearing on his

Rule 3.850 motion.  Doc. 1 at 4.  As indicated above, Thomas filed a motion for

appointment of counsel for the evidentiary hearing in the state post-conviction trial court.

Doc. 18 Ex. T.  The court denied the motion, finding "[t]he issue raised by the Defendant

is a simple issue unlikely to involve a witness other than his attorney and the

defendant."  *Id.* Ex. U.

As Respondent indicates in its Answer, the U.S. Supreme Court has held that

"[t]here is no constitutional right to an attorney in state post-conviction proceedings."

Coleman v. Thompson, 501 U.S. 722, 752 (1991); *see, e.g.*, Chavez v. Sec'y, Fla. Dep't

of Corr., 742 F.3d 940, 944 (11th Cir. 2014) (explaining that "[t]he Supreme Court has

long held that there is no constitutional right to counsel in post-conviction proceedings,

even in capital cases").  *See* Doc. 18 at 22.  Accordingly, the state post-conviction

court's denial of Thomas's request for appointment of counsel for the Rule 3.850

evidentiary hearing was not contrary to or an unreasonable application of clearly

established federal law as determined by the U.S. Supreme Court.  *See* 28 U.S.C.

§ 2254(d)(1)-(2).  This ground should be denied.

**Ground 4: IAC - Failure to Convey Plea Offer Made Before October 6, 2009**

In his fourth ground, Petitioner Thomas asserts his attorney rendered ineffective

assistance for failing to convey a plea offer made by the State prior to its offer of

October 6, 2009.  Doc. 1 at 4.  Thomas indicates he first learned of this prior plea offer

at the March 7, 2011, evidentiary hearing on his Rule 3.850 motion.  *Id.*  He states that

he then raised this ground as one of "newly discovered evidence" in his motion for

rehearing filed following the denial of his Rule 3.850 motion.  *Id.*; *see* Doc. 18 Ex. Y at 8-

10.  The state post-conviction trial court denied rehearing without comment.  Doc. 18

Ex. Z.

When Thomas appealed the denial of his Rule 3.850 motion to the First DCA, he

did present this issue in his Initial Brief.  *See* Doc. 18 Ex. GG at 14.  The First DCA per

curiam affirmed the case without an opinion.  *Id.* Ex. II.  These rulings are entitled to

AEDPA deference and review is limited to the record before the state court.  *See* 28

U.S.C. § 2254(d); Cullen, 131 S. Ct. at 1402; Richter, 131 S. Ct. at 784-85; Wright, 278

F.3d at 1255.

As Respondent indicates, under Florida law, a new claim for relief cannot be

properly presented for the first time in a motion for rehearing.  *See* Doc. 18 at 24; *see,*

*e.g.*, Johnson v. State, 782 So. 2d 486, 487 (Fla. 2d DCA 2001) ("Because Johnson

failed to raise this claim in his rule 3.850 motion and raised it for the first time in his

motion for rehearing, it was not properly before the trial court.").  Accordingly, the state

appellate court had a proper procedural basis on which to affirm the trial court's

decision.

To the extent Thomas did not file another Rule 3.850 motion alleging this claim of

newly discovered evidence, he has not fairly presented his argument to the state court;

therefore, it is unexhausted and procedurally defaulted.  *See* O'Sullivan v. Boerckel, 526

U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state

prisoner, the prisoner must exhaust his remedies in state court."); *see also, e.g.,* McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (explaining exhaustion requirement: "[T]o ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").  Thomas has not shown or alleged cause and prejudice to excuse the default, or that a fundamental miscarriage of justice will result if the court does not consider this claim.  *See, e.g.,* Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."); Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (explaining "[a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation" or if fundamental miscarriage of justice exists because "'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986))).

Further, even considering the merits of Thomas's claim, Thomas has not shown he would have accepted an earlier plea offer but for the alleged ineffectiveness of counsel in failing to convey such offer. *See* Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012) (clarifying that Sixth Amendment right to effective assistance of counsel extends to negotiation and consideration of plea offers that lapse or are rejected, and concluding that, to establish prejudice, defendant must show reasonable probability that but for

counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed").  A review of the transcript of the evidentiary hearing on the Rule 3.850 motion reflects that a plea offer may have been relayed to Sam Olmstead, who represented Thomas before Robert Morris, on September 23, 2009.  Doc. 18 Ex. V at 10.  Thomas cites page 159, line 5, of the transcript, in support of his assertion that another plea offer existed prior to the October 6, 2009, offer.  Doc. 1 at 4.  That page contains the following:

> THE COURT: Do you have objection to it [Defendant's Exhibit 1, the copy of the written memorandum containing the October 6, 2009, plea offer] being admitted?
>
> MR. BAUER: There were two plea offers made.  Let me just see the date of that one, Your Honor.  That's – (Inaudible) – October 6th, 2009; no objection.
>
> THE COURT: All right.  It will be admitted into evidence.  All right.

Doc. 18 Ex. V at 5.  A little later in the hearing, the following occurred during Bauer's questioning of Thomas:

> Q Do you remember being arrested on September 9th, 2009?
>
> A Yes, sir.
>
> Q You had Michael Corin, John Tomasino, do you remember those guys?

A I never talked to them but I seen – through the court dockets I seen they was supposed to represent me, yes.

Q And then do you remember Sam Olmstead?

A Sam Olmstead.  I had never seen him but like I said through the Court's docket I seen that they had been appointed to me.  I never did meet him, though.  No.

Q You don't –

A I never did talk to any of them.

Q You don't think you ever met Sam Olmstead?

A I never did.

Q Would you have seen a plea offer made to Sam Olmstead on September 23, 2009?

A I never did see it.  I never did talk to him.  I never did – I never did – I never did know he was – I knew he was representing me but he got – I never did talk to him.

Q Well, anyways he conflicted off the case, correct?

A Right.

Q And so you had a – when Sam Olmstead was on the case you understand they set it for a plea on October 16th, 2009 at 8:15 at what they call the rocket docket?

A I didn't know.  I don't know.  I didn't know anything about it.

Q Did you come to court on 10/16/2009 at 8:15?

A No, I didn't.

Q Okay.  And, in fact, Mr. Morris because your attorney and the case was reset for a plea to October 21st, 2009?

A I wasn't there.  I don't know.  I didn't know anything about it.  I didn't get the memo.  I didn't get no subpoena.  I didn't get anything.  I was absent.  I didn't know anything about it.

*Id.* at 9-11.  As indicated in the analysis of Grounds 1 and 2, *supra*, defense counsel Morris testified regarding the October 6, 2009, plea offer and the rescheduling of the plea hearing following his appointment as Thomas's attorney on September 30, 2009.  A fair reading of the transcript, therefore, reflects that a plea offer may have been made while Sam Olmstead represented Thomas, on September 23, 2009; however, when Morris was appointed, a plea offer was made in a memorandum dated October 6, 2009, which Thomas introduced as evidence during the post-conviction hearing.  *See* Doc. 18 Ex. W.  The docket report for the state circuit court reflects that a plea hearing was set on September 23, 2009, with text in the adjacent column indicating:

> (CANCELLED/REMOVED ON 02-OCT-09 BY WALLERK)
> PLEA HEARING SET: 10/16/2009 08:15/ROOM # 3C

*Id.* Ex. A at 1.  The docket also reflects a motion to withdraw on September 25, 2009, and a motion for appointment of conflict counsel on September 28, 2009.  *Id.*  Morris was appointed on September 30, 2009.  *Id.*; *see* Ex. V.  And the docket further reflects, consistent with Morris's testimony, an entry on October 8, 2009:  "PLEA HEARING RESET TO: 10/21/2009 08:15AM/ROOM# 3C."  *Id.* Ex. A at 2.  Accordingly, it may be that the offer made in the memo dated October 6, 2009, after Morris's appointment, was the same as the offer made on September 23, 2009 (the date the docket reflects a plea hearing was set), during the brief period that Sam Olmstead represented Thomas.  *See id.* Exs. C (Motion for Appointment of Conflict Counsel filed September 16, 2009, and

Order of Appointment of Office of Regional Civil and Criminal Conflict Counsel rendered September 18, 2009) and D (Motion to Withdraw and Appoint Conflict-Free Counsel filed by Samuel M. Olmstead, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, on September 25, 2009, and Order Granting Motion to Withdraw as Counsel and Order Appointing New Conflict-Free Counsel rendered September 30, 2009, appointing Robert Morris).

If the plea offer of September 23 was the same as the one offered on October 6, as indicated above, the record supports the post-conviction trial court's determination, after hearing the testimony and reviewing the evidence, that counsel did convey the October 6, 2009, offer, and Thomas rejected that offer.  Morris testified concerning Thomas's rejection of the plea offer and Thomas's desire to proceed to trial because Thomas believed he had an entrapment defense:

> He went from the Intake Division and the trial division because he told me I'm not taking the offer.  I want to take this case to trial, and he was talking about entrapment defenses at the time of the October 21st appearance.  The letter that I think Mr. Thomas has offered into evidence dated, if I'm not mistaken, November 4th . . . Mr. Thomas had sent me correspondence.  He sent numerous, numerous letters, but I responded on November 4th.  There's a further letter that I wound up forwarding to Mr. Thomas on December the 2nd as it related to, again, reviewing his entrapment defense.
>
> He was fixated on the Hamilton case.  And the Hamilton case essentially involved in an unwitting passenger who was being handed cocaine and had no ability to exercise dominion and control over the object and no guilty knowledge of the object, and the facts were completely different than Mr. Thomas' case in that they didn't apply.  And, as a matter of fact, we had a hearing where Judge Lewis told him the exact same thing.

Doc. 18 Ex. V at 32-33.  Thomas's rejection of that plea offer because he wanted to go to trial and raise an entrapment defense belies his current assertion that he would have accepted an earlier plea offer.  *See* Lafler, 132 S.Ct. at 1384 ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").

Indeed, even if the September 23 plea offer was different than the one offered in the October 6 memo, and in which case the instant ineffective assistance claim is directed toward Samuel Olmstead, not Robert Morris, then Thomas cannot show any prejudice resulted from any alleged deficient performance in failing to convey the September 23 plea offer, because Thomas rejected the October 6 plea offer shortly thereafter, indicating his preference to proceed to trial.  Thus, Thomas cannot show the outcome of the plea process would have been different even assuming the September 23 plea offer was different from the October 6 offer and had been conveyed to him. *See generally* Taylor v. Sec'y, Dep't of Corr., No. 5:12cv192-MW/GRJ, 2014 WL 2612073 (order signed June 9, 2014, accepting Report and Recommendation that § 2254 petition be denied and explaining, among other things, Petitioner had not asserted IAC claim against prior counsel who represented Petitioner when plea offer made and, even assuming deficient performance, claim still fails because Petitioner failed to show he was prejudiced by counsel's deficient performance where record reflects Petitioner was not interested in any deal that involved prison time).

Further, as indicated above, Thomas subsequently entered a nolo contendere plea, on February 8, 2010, and the trial court allowed him to withdraw that plea at a

hearing on February 15, 2010.  Doc. 18 Ex. J (transcript of hearing).  During that

hearing, the entrapment defense was discussed, along with Thomas's desire for a

bench trial.  *Id.*  In particular, Thomas explained to the judge that he thought he was not

guilty because "from what I read up, you know, if I have – if I – if – my trans – for me

transferring the cocaine from one person to another.  It said something about it on

Hamilton versus State, temporary possession."  *Id.* at 3-4.  The judge stated he had

read that case and told Thomas: "[T]hey've got you charged with sale. . . . They said

you and this other person worked together to sell this cocaine."  *Id.* at 4.  Additional

discussion took place, including the following, and then the judge withdrew the plea:

> THE COURT: . . . So they're saying you were part of a team that helped
> get this cocaine to that person.
>
> I know temporary possession – that would be like if somebody
> dropped something, oh you dropped this, here it is.  That might not be
> possession.  But when you possess it for the purposes of selling, you
> know, even if we quibble about that, the real situation is the sale.
>
> But if you're telling me, gosh, Judge, I didn't know what in the world
> I was doing when I entered that plea; I want to withdraw my plea.  If you
> were telling me that, I hadn't sentenced you, fine.  I'll let you withdraw your
> plea.  We'll go to trial and the State will have to prove you guilty.
>
> MR. BAUER: And that is the difficulty.  We were set for trial and it was
> going to be a non-jury trial because he wanted to present that evidence to
> the Court to say he wasn't guilty.  I mean I didn't know what it was.  But
> we do have him as an intermediary in a drug sale, possessing the
> cocaine, transferring it to the undercover officers.  There's $40 worth of
> crack cocaine and the money was taken by Mr. Thomas and put in the
> car, dropped in the floorboard.
>
> THE COURT: So you can prove all that, can't you?
>
> MR. BAUER: Yes.  We can prove all that and we have it on videotape.
> Minus the audio.  But it is on videotape.  And, when he was arrested,

Count 2 is he was found in possession of methyl carbinol, tramadol, and lisinopril.  So he also had another controlled substance which he was caught in actual possession of.

THE COURT: Uh-huh.

THE DEFENDANT: That was my girlfriend's medication I had in my pocket.  Yes, sir.

THE COURT: Whatever.  It doesn't make any difference to me if, like I say, when somebody's been sentenced and they come back and say, gosh, I didn't understand.  I'm a little less open to letting you withdraw it.  But if you say, Judge, I want to withdraw my plea, that's fine.  Just whatever you want to do.  If you want to say no, no, go ahead, I'll do that too.

MR. BAUER: We just need to reset it for two weeks, if that's where he's going and we would give him a trial.

THE COURT: Probably a little further than two weeks.  I want your subpoenas out and everything.

MR. BAUER: Yes, sir.  But this is the same thing we were doing last Monday and he didn't want a trial.

THE COURT: But I'm sure, knowing your lawyer like I do, he explained everything to you.  He discussed your possible defenses.  He told you what an open plea was.  Told you there was no plea agreement.  We're going to come in here, go to sentencing.  So don't try to put this off on your attorney.  If you didn't understand, that's fine.  But I'm sure he went over that and you indicated that you understood.

. . . .

But, like I said, if you want to say I didn't know what I was doing, I want to withdraw my plea, I'll grant it this morning.  We'll set it for trial and we'll go to trial.

MR. MORRIS: So you're clear, he's telling you the exact same thing about your legal defense that I told you, that it's not temporary possession.  So there's no real reason to be having a bench trial.  He's kind of ruled from the bench already.

THE DEFENDANT: Yes, sir.

THE COURT: If those are the facts of the case.  That's the probable cause, if I remember reading it.

MR. MORRIS: That's accurate.  It's on video as well.

THE COURT: Really, I don't want you to feel any pressure.  I don't want you to do something you don't know what you're doing.

THE DEFENDANT: Because my – my main contention was, you know, I've been saying – I – I was trying to get help for me, sir.  That's what I was trying to do.  Because I – I don't want to –

THE COURT: Well that's got nothing to do with whether –

THE DEFENDANT: Yes, sir.

THE COURT:  – you're guilty or not guilty.  And I'm certainly open to listen to anything that you and your lawyer want to tell me as to what I ought to do relative to the sentence.

     But we're here today because you said I don't want to contest the charges.  If you're telling me I do want to contest the charges, okay.  That's okay.

THE DEFENDANT:  – answer that question, Judge, Your Honor.

THE COURT: Okay.  Well, unless you tell me what you want to do, I'm going to sentence you today.  Because you're telling me I didn't know what I was doing, but you're not asking to withdraw your plea.  I don't know what else to do with you.  I guess I can just withdraw your plea.

     I don't want to take a plea when somebody doesn't know what they're doing.  So we'll cross that plea off.  We'll set it for trial.

MR. BAUER: Okay.

Doc. 18 Ex. J at 5-10.

     Ultimately, Thomas did enter an open nolo contendere plea to the charges on

April 9, 2010.  Doc. 18 Ex. K (plea agreement), L (plea hearing).  Thomas signed a

"Plea and Acknowledgment of Rights" form.  *Id.* Ex. K.  Thomas's signature on the plea

forms and statements at the plea hearing indicate that, among other things, he "will not contest the evidence against" him, he was satisfied with his attorney's advice and help, understood he was waiving the right to proceed to trial, believed the plea was in his best interest, and entered the plea "freely and voluntarily."  *Id.* Ex. K.

Based on the foregoing, Thomas has not shown the state courts' rulings rejecting this claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Marvin L. Thomas is not entitled to federal habeas relief.  The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining substantial showing) (citation omitted).  Therefore, the Court should deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the

court may direct the parties to submit arguments on whether a certificate should issue."

The parties shall make any argument as to whether a certificate should issue by

objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P.

24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify

appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner

Thomas's § 2254 petition (Doc. 1).  It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.  The

Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2014.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and
recommendations within fourteen (14) days after being served with a copy of this**

report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.